UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

THERESA C. SMITH,

    Plaintiff,

v.

DALE A. DODSON, SWIFT
TRANSPORTATION CO. OF ARIZONA,
LLC, and SWIFT TRANSPORTATION
SERVICES, LLC,

    Defendants.

CAUSE NO.: 2:17-CV-372-TLS

**OPINION AND ORDER**

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Notice of Removal alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1 ¶ 8.) Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). As the parties seeking to invoke this Court's jurisdiction, the Defendants bear the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A failure to meet that burden can result in a remand to state court. *See Schur*, 577 F.3d at 758. In this case, the Defendants have sufficiently alleged that the amount in controversy exceeds $75,000. (Notice of Removal ¶ 17.) However, the jurisdictional allegations of citizenship are deficient.

First, as for the individual parties, the Notice of Removal alleges that "Plaintiff is a resident of the State of Illinois" and "Defendant Dale A. Dodson is a resident of the State of

Indiana." (Notice of Removal ¶¶ 9, 11).[1] Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, the Defendants must allege the domicile of Plaintiff Theresa C. Smith and of Defendant Dale A. Dodson on September 21, 2017, the date the Notice of Removal was filed.

Second, the Notice of Removal alleges that "Defendant Swift Transportation Co. of Arizona, LLC is an Arizona limited liability company with its principal place of business in Arizona" and that "[t]he members of Swift Transportation Co. of Arizona, LLC are all citizens of the State of Arizona." (Notice of Removal ¶¶ 12, 13). Likewise, the Notice of Removal alleges that "Defendant Swift Transportation Services, LLC is a Delaware limited liability company with its principal place of business in Arizona" and that "[t]he members of Swift Transportation Services, LLC are all citizens of the State of Arizona." *Id.* at ¶¶ 14, 15. A limited liability company is analogous to a partnership and takes the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The name and citizenship of each member of a limited liability company must be identified to determine diversity jurisdiction. *See Guar. Nat'l Title Co.*, 101 F.3d at 59 (explaining that the court would

---

[1] Although Defendant Dale A. Dodson may be a citizen of Indiana, the Plaintiff waived any objection to removal based on the forum defendant rule by not seeking remand within thirty days of removal. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule set out in 28 U.S.C. § 1441(b)(2) is procedural, not jurisdictional, and can be waived); 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

"need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). And, if the members of a limited liability company are themselves limited liability companies or other unincorporated entities, the citizenship of those members must be identified as of the date the Notice of Removal was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Although the Notice of Removal alleges generally that the members of Defendant Swift Transportation Co. of Arizona, LLC and Defendant Swift Transportation Services, LLC are citizens of Arizona, the Defendants have not identified each member of the limited liability companies. Thus, the Defendants must identify the name and citizenship of each member of each limited liability company defendant on September 21, 2017.

Accordingly, the Court ORDERS the Defendants to FILE, on or before **July 3, 2019**, a supplemental jurisdictional statement identifying, as of September 21, 2017, (1) the domicile of Plaintiff Theresa C. Smith; (2) the domicile of Defendant Dale A. Dodson; (3) the name and citizenship of each member of Defendant Swift Transportation Co. of Arizona, LLC; and (4) the name and citizenship of each member of Defendant Swift Transportation Services, LLC. If any members of the limited liability companies are themselves unincorporated entities with members, the citizenship of those members must be identified, and so on, until the citizenship of all owners and members of members have been identified. The supplemental jurisdictional statement must be filed prior to the parties filing their dismissal papers.

SO ORDERED on June 19, 2019.

    s/ Theresa L. Springmann
    CHIEF JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT